■ MERCURY AIRCRAFT, INCORPORATED, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39525.) — Judgment unanimously modified on the law and facts by reducing the award to $3,800 and interest, and as so modified affirmed, without costs of this appeal to either party. Memorandum: We find no basis for an award for consequential damages. It is difficult, from the decision, to ascertain on just what basis these damages were awarded, but it is obvious that the Trial Judge considered the possible future expansion of the plant facilities and parking areas. It is stated in the decision: "The appropriation covered 52% of claimant's land and created a loss of parking *and expansion areas*". (Italics ours.) At the time of the appropriation title to the property was in one Felix Faber. After the appropriation and before the hearing Faber assigned his interest to the present claimant Mercury Aircraft, Inc. There were some vague, inconclusive, and indefinite observations by an officer of Mercury as to possible expansion. There had been no definite plan established, and if there had been it would not have been Faber's plan but that of Mercury, which did not own the property at the time of the appropriation. In any event the evidence even as to Mercury was too vague and indefinite to be considered as establishing an expansion plan that was frustrated by the taking, even if damages for frustration could be allowed, and that is very doubtful (4 Nichols, Eminent Domain [3d ed.], § 14.241, subd. [4], p. 575). Furthermore, Mercury purchased the property after the appropriation with full knowledge of the terms and conditions thereof, and of the effect of the taking upon the property, for the sum of $18,000, less rent which had been paid during Mercury's occupancy under a lease option agreement. The claimant's real estate expert probably set the tone for this frustration expansion theory when he said: "It was also in this area that any expansion of the present building, or new buildings, would have to be located." Only .8 of an acre of the appropriated property was suitable for parking and the balance was not adaptable for commercial use which was found to be the highest and best use of the property. There remained room for parking, but it might have had to be in another location. Damages should not be awarded twice, once for the direct taking and then again under the guise of consequential damages. It definitely appears that that was done in this case. (Appeal from judgment of Court of Claims for claimant on a claim for permanen*

appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

